FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 24 2023

TAMMY H. DOWNS, CLERK
By: [signature] DEP CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**LITTLE ROCK DIVISION**

**FRED KENNEY,**

**Plaintiff,**

**v.**

**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, f/k/a LINCOLN LIFE ASSURANCE COMPANY OF BOSTON, d/b/a LINCOLN FINANCIAL GROUP,**

**Defendant.**

**Case No.** 4:23-cv-285-JM

This case assigned to District Judge Moody
and to Magistrate Judge Ray

**COMPLAINT FOR WRONGFUL DENIAL OF PLAN BENEFITS, BREACH OF FIDUCIARY DUTY AND BREACH OF DUTY TO PERFORM FULL AND FAIR REVIEW**

Plaintiff, Fred Kenney, makes the following representations to the Court for the purpose of obtaining relief from Defendant The Lincoln National Life Insurance Company, f/k/a Lincoln Life Assurance Company of Boston, d/b/a Lincoln Financial Group's refusal to pay long term disability (LTD) benefits due under an ERISA employee benefit plan, and for Defendant's other violations of the Employee Retirement Security Act of 1974 ("ERISA"):

**JURISDICTION AND VENUE**

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. §§ 1132(e), (f) and ERISA § 502(e). Plaintiff's claims "relate to" "employee welfare benefits plan[s]" as defined by ERISA, 29 U.S.C. § 1001 *et seq.* and the subject Benefit Plan constitutes "plan[s] under ERISA."

2. The ERISA statute [at 29 U.S.C. § 1133] and the Department of Labor regulations [at 29 C.F.R. § 2560.503-1 *et seq*.] provide mechanisms for administrative or internal appeal of benefits denials. In this case, those avenues of appeal have been exhausted and this matter is now properly before this court for judicial review.

3. Venue is proper within the Eastern District of Arkansas pursuant to 29 U.S.C. § 1132(e)(2).

## PARTIES

4. Plaintiff, Fred Wesley Kenney, (hereinafter "Plaintiff"), is a resident of Pope County, Arkansas.

5. Defendant The Lincoln National Life Insurance Company, f/k/a Lincoln Life Assurance Company of Boston, d/b/a Lincoln Financial Group (hereinafter "Lincoln" or "Defendant") is the Administrator of Plaintiff's Group Disability Policy ("LTD Plan") sponsored through his employer, OGE Energy Corp. Lincoln is an entity doing business in Arkansas and may be served by and through its registered agent, Corporation Service Company, 300 Spring Building, 300 S. Spring Street, Suite 900, Little Rock, Arkansas 72201.

## FACTS

6. Plaintiff is a 49-year-old man who started working at OGE Energy Corp. in 2000. Plaintiff began his employment with OCG Energy Corp. in 2000 as a lineman. At no time during his employment with OCG Energy Corp. did Plaintiff ever work as a "pilot, co-pilot, or crewmember" of an aircraft at OCG Energy Corp.

7. Plaintiff obtained the disability policy at issue by virtue of Plaintiff's employment with OCG Energy Corp., with coverage beginning on January 1, 2005 ('the Plan").[1]

---

[1] The Plan is attached hereto as **Exhibit A**.

8. At all relevant times, Plaintiff has been a "participant" within the meaning of Section 3(7) of ERISA, 29 U.S.C. § 1002(7), in the LTD Plan, Plan No. GF3-890-435421-01.

9. At all relevant times, Defendant has been the "administrator" of the Plan within the meaning of Section 3(16)(A) of ERISA, 29 U.S.C. § 1002(16)(A).

10. The Plan defines "Disability" or "Disabled" as:

> For persons other than pilots, co-pilots, and crewmembers of an aircraft:
>
> i. if you are eligible for the 24 Month Own Occupation benefit, "Disability" or "Disabled" means that during the Elimination Period and the next 24 months of Disability you, as a result of Injury or Sickness, are unable to perform the Material and Substantial Duties of your Own Occupation; and
> ii. thereafter, you are unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation.[2]

11. Disability benefits under the Plan have been insured in accordance and pursuant to Plan No. GF3-890-435421-01 issued by Defendant.

12. The Plan defines "Disability Benefits … []" as: "money which:

> 1. is payable … [] ... due to Disability as defined in that plan; and
> 2. does not reduce the amount of money which would have been paid as retirement benefits at the normal retirement age under the plan if the Disability had not occurred. (If the payment does cause such a reduction, it will be deemed a Retirement Benefit as defined in this plan.).[3]

13. Plaintiff ceased working after March 15, 2018 due to physical ailments and impairments he suffered resulting from a brain tumor and right hemifacial muscle spasms, while covered under the Plan. Therefore, at all relevant times and since March 15, 2018, Plaintiff has been and continues to be Disabled as defined by the Plan.

14. Shortly after becoming Disabled, Plaintiff then filed for short term disability benefits with Defendant.

---

[2] Exh. A, the Plan, pg. 7.
[3] *Id.*

15. Short term disability benefits were approved and paid by Defendant in accordance with the Plan.

16. Upon the cessation of his short term disability benefits, Plaintiff thereafter filed an application with Defendant for long term disability benefits under the Plan, which were initially approved by Defendant from September 12, 2018, through January 16, 2020.[4]

17. However, Defendant subsequently denied Plaintiff any further Long Term Disability benefits after January 16, 2020 in a letter dated January 18, 2020 ("the Termination Letter").[5] Defendant claimed Plaintiff "was no longer disabled as defined by the policy."[6] The Termination Letter also advised that Plaintiff had 180 days to appeal this decision.[7]

18. Defendant's Termination Letter failed to reasonably consider Plaintiff's restrictions, limitations, and inability to perform necessary vocational requirements of his own or any occupation related to his medical conditions.

19. Defendant's Termination Letter failed to state what specific information was missing and/or necessary for Plaintiff to perfect his claim so that it could be approved.

20. On May 20, 2020, Plaintiff pursued his administrative remedies set forth in the Plan by requesting administrative review of the denial of benefits in writing.[8]

21. Plaintiff timely perfected his administrative appeal pursuant to the Plan by sending letter requesting same to the Defendant within the required 180 days of the denial.

22. Plaintiff submitted additional information as required including medical records to show that he is totally disabled from the performance of both his own and any other occupation as

---

[4] January 18, 2020 Letter ("Termination Letter"), attached hereto as **Exhibit B**.
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] May 20, 2020 Letter, attached hereto as **Exhibit C**.

defined by the terms of the Plan. This information included a Residual Functional Capacity Form completed by Dr. Tonya Phillips dated April 1, 2020.[9]

23. The April 1, 2020, Residual Functional Capacity Form noted that Plaintiff was, in Dr. Phillips' opinion, unable to work and was not likely to be able to return to work with or without restrictions.[10]

24. At some time during Defendant's review of Plaintiff's file, Defendant's paid multiple consultants to performed a review of Plaintiff's claim file.

25. Defendant's reviews of Plaintiff's file are unreliable and unreasonable as a basis for denial because:

a. The reviewer's opinions were infected by conflict and bias;

b. The reviewer's conclusions lack foundation and are conclusory;

c. The reviewer failed to consider Plaintiff's additional relevant medical history;

d. The reviewer lacked appropriate qualifications to comment on Plaintiff's conditions;

e. The reviewer never examined Plaintiff in-person, which is particularly relevant, given the complexity of Plaintiff's conditions and treatment;

f. The reviewer failed to consider all relevant information, including Plaintiff's relevant own occupational demands;

g. The reviewer failed to acknowledge that medications never effectively resolved his ailments and symptoms which serve as the basis of his

---

[9] The Residual Functional Capacity Form completed by Dr. Tonya Phillips is attached hereto as **Exhibit D**.

[10] *See* Exh. D, pg. 5.

Disability; and

h. The reviewer's conclusions were inconsistent with the weight of the evidence.

26. Defendant notified Plaintiff via letter dated September 21, 2020 that Defendant upheld its original decision to deny Plaintiff's claim for long term disability benefits after January 16, 2020, citing the "independent" reviews conducted by Defendant as a primary basis of the denial.[11]

27. In the same letter, Defendant also notified Plaintiff that Plaintiff had exhausted his administrative remedies and that Plaintiff was entitled to bring suit "under section 502(a) of ERISA following an adverse benefit determination on review."[12]

28. Additionally, on November 22, 2021, the Social Security Administration issued a fully favorable decision on Plaintiff's claim for disability benefits under Title II and Title XVI of the Social Security Act, finding that Plaintiff has been disabled since March 15, 2018. Notably, the SSA's definition of disability is significantly more restrictive than Defendant's as SSA requires the claimant to be unable to work in "any occupation in the National Economy."[13]

29. Defendant has therefore wrongfully denied disability benefits to Plaintiff in violation of the applicable Plan provisions and ERISA for the following reasons:

a. Plaintiff is disabled within the definition of the Plan;

b. Defendant failed to afford proper weight to the evidence in the administrative record showing that Plaintiff is disabled within the meaning of the Plan;

---

[11] September 21, 2020 Letter, attached hereto as **Exhibit E**.
[12] *Id.*
[13] *See* findings of the SSA Appeals Council on Nov. 22, 2021, attached hereto as **Exhibit F**.

c. Defendant's interpretation of the definition of disability contained in the policy is contrary to the plain language of the Plan, as it is unreasonable, arbitrary, and capricious;

d. Defendant has violated its contractual obligation to furnish disability benefits to Plaintiff; and

e. Defendant allowed its concern over its own funds to influence its decision-making, thus, Defendant breached its fiduciary duties.

## FIRST CAUSE OF ACTION

## WRONGFUL DENIAL OF PLAN BENEFITS PURSUANT TO 29 U.S.C. § 1132(a)(l)(B)

30. Plaintiff incorporates the allegations contained in the above paragraphs as if fully stated herein.

31. Plaintiff made a proper claim for long term disability benefits in accordance with the Plan.

32. Plaintiff exhausted the Plan's administrative appeals process prior to the filing of the instant suit.[14]

33. Under the terms of the Plan, Defendant agreed to provide Plaintiff with disability benefits in the event that Plaintiff became "disabled" as defined by the Plan.

34. Plaintiff is "disabled" within the meaning of the Plan and entitled to benefits under the terms of the Plan.

35. Defendant failed to provide and denied the benefits due under the terms of the Plan, and the denial of benefits due and owing to Plaintiff constitutes a breach of the Plan.

---

[14] *See* Exhibit E.

36. The decisions to deny benefits were wrong under the terms of the Plan.

37. The decisions to deny benefits and decision-making processes were also unreasonable, arbitrary and capricious.

38. The decisions to deny benefits were influenced by the Defendant's financial conflict of interest.

39. The decisions to deny benefits were not supported by substantial evidence in the record.

40. The decisions to deny benefits were rendered in bad faith.

41. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiffs disability, Plaintiff has been damaged in the amount equal to the amount of benefits to which he would have been entitled to under the Plan.

42. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

## SECOND CAUSE OF ACTION

## BREACH OF FIDUCIARY DUTY PURSUANT TO 29 U.S.C. § 1132(a)(3)

43. Plaintiff incorporates the allegations contained in the above paragraphs as if fully stated herein.

44. At all relevant times, Defendant has been a "fiduciary" within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A) of the Plan.

45. Under the terms of the Plan, Defendant was to administer the Plan and retained the sole authority to grant or deny disability benefits to applicants and participants.

46. Therefore, at all relevant times, Defendant had a fiduciary obligation to administer the Plan fairly and to furnish disability benefits according to the terms of the Plan.

47. Under its fiduciary duty, Defendant is required to act loyally towards Plan beneficiaries, take active steps to reduce bias ensure and ensure claims are conducted in a manner that is consistent with the interests of the claimants.

48. Defendant, by and through its wrongful denial of benefits to Plaintiff as alleged above, has breached its fiduciary duties.

49. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in the amount equal to the amount of benefits to which he would have been entitled to under the Plan.

50. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

## **THIRD CAUSE OF ACTION**

## **BREACH OF DUTY TO PERFORM FULL AND FAIR REVIEW PURSUANT TO 29 U.S.C. § 1133**

51. Plaintiff incorporates the allegations contained in the above paragraphs as if fully stated herein.

52. Defendant has breached its duty to perform a full and fair review of Plaintiff's claim in that:

a. Defendant breached its duty to remain impartial throughout the review process; and

b. Defendant failed to fully and fairly consider, and rationally describe the basis of its decision to deny Plaintiff's benefits despite the SSA's determination that Plaintiff was/is totally disabled and the weight of the evidence.

53. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to fully and fairly review Plaintiff's claim for benefits, Plaintiff has been damaged in the amount equal to the amount of benefits to which he would have been entitled to under the Plan.

54. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant him the following relief in this case:

1. A finding and entry of judgment in favor of Plaintiff against the Defendant;

2. Damages in the amount equal to the disability benefits to which he was entitled through the date of judgment representative of unpaid benefits in accordance with applicable law;

3. Prejudgment and post judgment interest as allowed by applicable law;

4. An Order requiring the Plan or the Plan by and through Defendant to pay continuing benefits from January 16, 2020 to present and in the future if applicable so long as Plaintiff remains

disabled under the terms of the Plan, as well as any other collateral benefits to which he might be entitled on the basis of being disabled under the Plan since March 15, 2018;

5. Plaintiff's reasonable attorney fees and costs; and

6. Such other relief as this court deems just and proper.

DATED: March 23, 2023

Joe P. Leniski, Jr., ABA #2022269
HERZFELD, SUETHOLZ, GASTEL, LENISKI, and WALL PLLC
The Freedom Center
223 Rosa Parks Avenue, Suite 300
Nashville, Tennessee 37203
Telephone: (615) 800-6225

James A. Streett, ABA #2007092
107 West Main
Russellville, AR 72801
Telephone: 479-968-2030
Facsimile: 479-968-6253
Email: james@streettlaw.com

*Attorneys for Plaintiff*

# EXHIBIT A

BEING FILED UNDER SEAL
PENDING COURT'S ORDER

# EXHIBIT B

BEING FILED UNDER SEAL
PENDING COURT'S ORDER

# <u>EXHIBIT C</u>

BEING FILED UNDER SEAL
PENDING COURT'S ORDER

# <u>EXHIBIT D</u>

BEING FILED UNDER SEAL
PENDING COURT'S ORDER

# EXHIBIT E

BEING FILED UNDER SEAL
PENDING COURT'S ORDER

# EXHIBIT F

BEING FILED UNDER SEAL
PENDING COURT'S ORDER