# EXHIBIT F

ATT COPY

# Social Security Administration
## Retirement, Survivors, and Disability Insurance
Important Information

Office of Central
Operations
1500 Woodlawn Drive
Baltimore, Maryland 21241-1500
Date: January 24, 2022
BNC#: 22M1153E89170-A

0001941 00016297 1 MB 0.485 0119MACTR7PB T72 P11
REX W CHRONISTER
PO BOX 66 FORT
SMITH AR 72902-0066

*04011AJBK00051S* 0001941 0000000000

We are enclosing a copy of a letter we are sending to FRED KENNEY. If you have any questions, please call us at the telephone number shown.

SOCIAL SECURITY ADMINISTRATION

Office of Hearings Operations
Central Mall, Ste. 475
5111 Rogers Avenue
Fort Smith, AR 72903-9914

Date: 12073

SCANNED

Fred Wesley Kenney
[redacted]

## Notice of Decision – Fully Favorable

I carefully reviewed the facts of your case and made the enclosed fully favorable decision. Please read this notice and my decision.

Another office will process my decision. That office may ask you for more information. If you do not hear anything within 60 days of the date of this notice, please contact your local office. The contact information for your local office is at the end of this notice.

**If You Disagree With My Decision**

If you disagree with my decision, you may file an appeal with the Appeals Council.

**How To File An Appeal**

To file an appeal you or your representative must ask in writing that the Appeals Council review my decision. The preferred method for filing your appeal is by using our secure online process available at https://www.ssa.gov/benefits/disability/appeal.html.

You may also use our Request for Review form (HA-520) or write a letter. The form is available at https://www.ssa.gov/forms/ha-520.html. Please write the Social Security number associated with this case on any appeal you file. You may call (800) 772-1213 with questions.

Please send your request to:

**Appeals Council**
**5107 Leesburg Pike**
**Falls Church, VA 22041-3255**

Form HA-L76 (03-2010)

**Suspect Social Security Fraud?**
**Please visit http://oig.ssa.gov/r or call the Inspector General's Fraud Hotline at 1-800-269-0271 (TTY 1-866-501-2101).**

See Next Page

*0602CIPA102140*NOTAFP.X3.CIPAFP.ODARS.R211122.PS1K 00000000000000000CP0560211122095790010?382

**Time Limit To File An Appeal**

You must file your written appeal **within 60 days** of the date you get this notice. The Appeals Council assumes you got this notice 5 days after the date of the notice unless you show you did not get it within the 5-day period.

The Appeals Council will dismiss a late request unless you show you had a good reason for not filing it on time.

**What Else You May Send Us**

You or your representative may send us a written statement about your case. You may also send us new evidence. You should send your written statement and any new evidence **with your appeal**. Sending your written statement and any new evidence with your appeal may help us review your case sooner.

**How An Appeal Works**

The Appeals Council will consider your entire case. It will consider all of my decision, even the parts with which you agree. Review can make any part of my decision more or less favorable or unfavorable to you. The rules the Appeals Council uses are in the Code of Federal Regulations, Title 20, Chapter III, Part 404 (Subpart J).

The Appeals Council may:

- Deny your appeal,
- Return your case to me or another administrative law judge for a new decision,
- Issue its own decision, or
- Dismiss your case.

The Appeals Council will send you a notice telling you what it decides to do. If the Appeals Council denies your appeal, my decision will become the final decision.

**The Appeals Council May Review My Decision On Its Own**

The Appeals Council may review my decision even if you do not appeal. They may decide to review my decision within 60 days after the date of the decision. The Appeals Council will mail you a notice of review if they decide to review my decision.

**When There Is No Appeals Council Review**

If you do not appeal and the Appeals Council does not review my decision on its own, my decision will become final. A final decision can be changed only under special circumstances. You will not have the right to Federal court review.



See Next Page

*0604CIPA102140*NOTAFP.X3.CIPAFP.ODARS.R211122.PS.K 00000000000000000CP0560211220957908107382

**SOCIAL SECURITY ADMINISTRATION**
**Office of Hearings Operations**

**DECISION**

**IN THE CASE OF**

Fred Wesley Kenney
(Claimant)

(Wage Earner)

**CLAIM FOR**

Period of Disability and Disability Insurance Benefits

[redacted]
(Social Security Number)

## JURISDICTION AND PROCEDURAL HISTORY

This case is before the undersigned on remand from the Appeals Council. On October 13, 2021, the undersigned held a telephone hearing due to the extraordinary circumstance presented by the Coronavirus Disease 2019 (COVID-19) Pandemic. All participants attended the hearing by telephone. The claimant agreed to appear by telephone before the hearing, and confirmed such agreement at the start of the hearing. (Exhibits 21B-24B, Hearing Testimony). The claimant is represented by Rex W Chronister, an attorney. Beverly K. Majors, an impartial vocational expert, also appeared and testified.

The claimant is alleging disability since March 15, 2018.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

After careful consideration of the entire record, the undersigned makes the following findings:

1. **The claimant's date last insured is September 30, 2024.**

2. **The claimant has not engaged in substantial gainful activity since March 15, 2018, the alleged onset date (20 CFR 404.1520(b) and 404.1571 *et seq*.).**

3. **The claimant has the following severe impairments: morbid obesity, CP angle dermoid versus lipoma, right hemifacial spasm, history of transient ischemic attack, bradycardia, atrial fibrillation, hypertension, obstructive sleep apnea, and vertigo/dizziness. (20 CFR 404.1520(c)).**

4. **The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).**

5. **The claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except occasionally stoop and crouch, avoid even moderate exposure to**

See Next Page

**fumes, odors, dusts, gases, and poor ventilation, avoid all exposure to hazards such as dangerous machinery and unprotected heights, and will be absent more than one day per month on a consistent basis.**

In making this finding, the undersigned has considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSR 16-3p. The undersigned also considered the medical opinion(s) and prior administrative medical finding(s) in accordance with the requirements of 20 CFR 404.1520c.

The State Agency consultants determined the claimant could perform unskilled work at the light exertion level with additional postural and environmental limitations. Although these professionals did not physically examine the claimant, they are well versed in the assessment of functionality as it pertains to the disability provision of the Social Security Act, as amended. The objective medical evidence in the record at the time of their assessments supports their opinions. Their opinions, however, are inconsistent with the later opinion of Dr. Tanya Phillips, M.D., that supports a finding that the claimant would experience absenteeism more than one day per month on a consistent basis. Accordingly, the undersigned finds the opinions of the State Agency consultants unpersuasive. (Exhibits 2A, 4A, 19F).

On March 16, 2018, the claimant complained of dizziness and hot flashes and Dr. Michael Westbrook, M.D., diagnosed the claimant with vertigo and atrial fibrillation and referred the claimant to a cardiologist and a neurologist. Treatment notes from the claimant's cardiologist include a history of paroxysmal atrial fibrillation and transient ischemic attack. On March 29, 2018, the claimant reported his dizziness began worsening the previous month. On June 15, 2018, Dr. Ali Krist, M.D., described the claimant as a known patient with a history of hemifacial spasm on the right side who also had an incidental lipoma in the cerebellar medullary and cerebellar pontine junction region. Dr. Krist noted the claimant received Botox injections for treatment and opined the claimant's dizziness was most likely cardiovascular rather than neurological. On June 211, 2018, however, the claimant reported near constant dizziness with occasional headaches and nausea. Dr. Tonya Phillips, M.D., noted that the claimant exhibited an unsteady station and right-side abnormal facial expression. The claimant also began chiropractic treatment with Dr. Robert Kerbs, D.C., for back pain on September 4, 2018. X-rays revealed reversal of the cervical curve and treatment notes indicate the claimant continued with chiropractic manipulative treatment through December 2019. The claimant also continued visiting his neurologist for Botox injections. (Exhibits 1F-6F, 13F, 15F).

The claimant complained of "sharp" chest pains and indigestion on March 7, 2019. Dr. Adjei Abdul-Nasser, M.D., noted the claimant exhibited facial asymmetry and diagnoses on that date included paroxysmal atrial fibrillation, essential hypertension, bradycardia, dizziness, transient cerebral ischemia, sleep apnea, and obesity. A myocardial perfusion study on February 24, 2020, shoed transient ischemic dilation up to 34% and an anterior wall defect. The claimant participated in a stress test in March 2020 with abnormal results and Dr. Venkata Sastry Prayaga, M.D., recommended a left heart catheterization and selective coronary angiogram performed on April 7, 2020. The claimant continued following up with his neurologist, Dr. Phillips, who opined the claimant's dizziness and imbalance progressively worsened over time and that

See Next Page

*0605CIPA102494*NOTAFP.X3.CIPAFP.ODARS.R211122.PS1K 000000000000000000DCP05602111220957900107382

surgical intervention would unlikely improve the claimant's condition. Dr. Phillips' treatment notes support her opinion, which is also consistent with the claimant's own statements regarding the intensity, persistence, and limiting effects of his symptoms. Accordingly, the undersigned finds Dr. Phillips' opinions persuasive and support the finding that the claimant can perform work activity at the light exertion level with additional postural and environmental limitations, but that the claimant would experience absenteeism more than one day per month on a consistent basis. Dr. Phillips, however, also described the claimant's prognosis as, "Fair." (Exhibits 10F, 14F, 16F, 18F-21F).

Based on the foregoing, the undersigned finds the claimant has the above residual functional capacity assessment, which is supported by the objective medical evidence and other evidence in the record as a whole, as well as the persuasiveness of the hearing testimony and the opinion evidence. In reaching the conclusion that the claimant can perform work at the light exertion level with the additional conditions, the undersigned has considered the functional limitations from all the claimant's medically determinable impairments, including any impairments that are not severe. Furthermore, the undersigned has considered the claimant's subjective complaints and statements about the intensity, persistence, and limiting effects of their symptoms and any evidence relating to the claimant's daily activities, the duration, frequency, and intensity of the claimant's pain, the dosage and effectiveness of medication, precipitating and aggravating factors, and functional restrictions. While these factors have not been set forth in a methodical fashion, the undersigned considered these factors relative to the limitations caused by the claimant's impairments. Accordingly, the undersigned finds the claimant has the above residual functional capacity. (Exhibits 2E, 4E-6E, 8E, 9E, 11E, Hearing Testimony).

**6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).**

The claimant has past relevant work as maintenance supervisor (DOT No. 184.167-050; Light; SVP 7) and lineman (DOT No. 821.361-026; Heavy; SVP 7). The demands of the claimant's past relevant work exceed the residual functional capacity.

**7. The claimant was a younger individual age 18-49 on the established disability onset date (20 CFR 404.1563).**

**8. The claimant has at least a high school education (20 CFR 404.1564).**

**9. The claimant's acquired job skills do not transfer to other occupations within the residual functional capacity defined above (20 CFR 404.1568).**

**10. Considering the claimant's age, education, work experience, and residual functional capacity, there are no jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c) and 404.1566).**

If the claimant had the residual functional capacity to perform the full range of light work, considering the claimant's age, education, and work experience, a finding of "not disabled" would be directed by Medical-Vocational Rule 202.21. To determine the extent to which the claimant's additional limitations erode the unskilled light occupational base, the Administrative

See Next Page

Law Judge asked the vocational expert whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity. The vocational expert testified that given all of these factors there are no jobs in the national economy that the individual could perform.

Based on the testimony of the vocational expert, the undersigned concludes that, considering the claimant's age, education, work experience, and residual functional capacity, a finding of "disabled" is appropriate under the framework of the above-cited rule.

**11. The claimant has been under a disability as defined in the Social Security Act since March 15, 2018, the alleged onset date of disability (20 CFR 404.1520(g)).**

## DECISION

Based on the application for a period of disability and disability insurance benefits protectively filed on October 15, 2018, the claimant has been disabled under sections 216(i) and 223(d) of the Social Security Act since March 15, 2018.

Medical improvement is expected with appropriate treatment. Consequently, a continuing disability review is recommended in 24 months.

/s/ *Bill Jones*
Bill Jones
Administrative Law Judge

November 22, 2021
Date

# SOCIAL SECURITY ADMINISTRATION
## Office of Hearings Operations

## ORDER OF ADMINISTRATIVE LAW JUDGE

| IN THE CASE OF | CLAIM FOR |
|---|---|
| Fred Wesley Kenney<br>(Claimant) | Period of Disability and Disability Insurance Benefits |
| (Wage Earner) | [redacted]<br>(Social Security Number) |

I approve the fee agreement between the claimant and his representative subject to the condition that the claim results in past-due benefits. My determination is limited to whether the fee agreement meets the statutory conditions for approval and is not otherwise excepted. I neither approve nor disapprove any other aspect of the agreement.

**YOU MAY REQUEST A REVIEW OF THIS ORDER AS INDICATED BELOW**

**Fee Agreement Approval:** You may ask us to review the approval of the fee agreement. If so, write us within 15 days from the day you get this order. Tell us that you disagree with the approval of the agreement and give your reasons. Your representative also has 15 days to write us if he or she does not agree with the approval of the fee agreement. Send your request to this address:

**Regional Chief Administrative Law Judge**
**SSA OHO REGIONAL OFC**
**Rm 460**
**1301 Young St**
**Dallas, TX 75202-0000**

**Fee Agreement Amount:** You may also ask for a review of the amount of the fee due to the representative under this approved fee agreement. If so, please write directly to me as the deciding Administrative Law Judge within 15 days of the day you are notified of the amount of the fee due to the representative. Your representative also has 15 days to write me if he/she does not agree with the fee amount under the approved agreement.

Form HA-L15 (03-2007)

See Next Page

*0606CIPA1021404*NOTAFP.X3.CIPAFP.ODARS.R211122.PS1K 0000000000000000CP056021122095790010 7382

You should include the social security number(s) shown on this order on any papers that you send us.

/s/ *Bill Jones*
Bill Jones
Administrative Law Judge

November 22, 2021
Date