**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**LITTLE ROCK DIVISION**

**FRED KENNEY,**

**PLAINTIFF**

**v.** **CIVIL ACTION NO. 4:23-cv-00285-JM**

**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, f/k/a LINCOLN LIFE ASSURANCE COMPANY OF BOSTON, d/b/a LINCOLN FINANCIAL GROUP,**

**DEFENDANT**

**ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM**

Defendant The Lincoln National Life Insurance Company ("Lincoln") files this Answer to Plaintiff's Complaint (the "Complaint") filed by Plaintiff Fred Kenney ("Plaintiff"), and Lincoln files a counterclaim through its undersigned counsel and states as follows:

**JURISDICTION AND VENUE**

1. Lincoln admits that Plaintiff's claims are governed by Section 502 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") and under the jurisdiction of this Court pursuant to 28 U.S.C. § 1331. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the OGE Energy Corp. Long Term Disability Plan (the "LTD Plan") and that the LTD Plan is an employee benefit plan as defined by ERISA. Lincoln specifically denies that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. To the extent that Paragraph 2 contains legal conclusions, Lincoln is not required to answer. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative

appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Lincoln admits that venue of this action is proper in this Court. To the extent that Paragraph 3 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

## PARTIES

4. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation.

5. Lincoln admits it issued Policy Number GF3-890-435421-01 (the "Policy") to OGE Energy Corp. ("OGE"), which Policy, at certain times, insured benefits paid by the LTD Plan under the terms of the Policy. Lincoln admits that it was, at certain times, the claim administrator for Plaintiff's claim for benefits from the LTD Plan under the Policy that is the subject of the above-styled action. Lincoln denies it was the plan administrator of the LTD Plan. Lincoln admits that it is an Indiana Corporation, is lawfully authorized to do business in Arkansas, and was properly served in this action. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

## FACTS

6. Lincoln admits that documents containing information concerning Plaintiff's date of birth are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that Plaintiff was, at certain times,

employed as a Foreman A Transmission with OGE, and was, at certain times, a participant in the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln admits that Plaintiff was, at certain times, employed by OGE, and was, at certain times, a participant in the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln admits that Plaintiff was, at certain times, employed by OGE, and was, at certain times, a participant in the LTD Plan. Lincoln admits that the LTD Plan is an employee benefit plan as defined by ERISA. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits that it was, at certain times, the claim administrator for Plaintiff's claim for benefits from the LTD Plan under the Policy that is the subject of the above-styled action. Lincoln denies it was the plan administrator of the LTD Plan and denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD Plan, and Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits that benefits from the LTD Plan were, at certain times, insured, at least in part, by the Policy issued by Lincoln to OGE. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits the Policy includes language pertaining to the definition of "Disability Benefits" as applicable to a participant's claim for benefits from the LTD Plan, and Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln admits Plaintiff's last day at work at OGE was March 15, 2018. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD Plan, and Lincoln refers to the Policy itself as the best evidence of its contents. To the extent that the allegations contained in Paragraph 13 seek to interpret the provisions of the Policy or documents governing the LTD Plan, Lincoln refers to the Policy and the documents governing the LTD Plan as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln admits Plaintiff submitted a claim for, and at certain times received, benefits from the OGE Energy Corp. Short Term Disability Plan (the "STD Plan"). Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln admits Plaintiff submitted a claim for, and at certain times received, benefits from the STD Plan. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln admits Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln admits it sent a letter to Plaintiff dated January 18, 2020, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lincoln admits it sent a letter to Plaintiff dated January 18, 2020, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Lincoln admits it sent a letter to Plaintiff dated January 18, 2020, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Lincoln admits it received a letter dated May 20, 2020, along with additional documentation, from an attorney representing Plaintiff at the time, appealing the denial of Plaintiff's claim for further benefits from the LTD Plan under the Policy, which are contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Lincoln admits it received a letter dated May 20, 2020, along with additional documentation, from an attorney representing Plaintiff at the time, appealing the denial of Plaintiff's claim for further benefits from the LTD Plan under the Policy, which are contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Lincoln admits it received a letter dated May 20, 2020, along with additional documentation, from an attorney representing Plaintiff at the time, appealing the denial of Plaintiff's claim for further benefits from the LTD Plan under the Policy, which are contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. Lincoln admits it received a letter dated May 20, 2020, along with additional documentation, from an attorney representing Plaintiff at the time, appealing the denial of Plaintiff's claim for further benefits from the LTD Plan under the Policy, which are contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 25 of the Complaint.

26. Lincoln admits it sent a letter dated September 22, 2020, to an attorney representing Plaintiff at the time, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. Lincoln admits it sent a letter dated September 22, 2020, to an attorney representing Plaintiff at the time, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 27 of the Complaint.

28. Lincoln admits that information concerning Plaintiff's claim for benefits from the Social Security Administration is included in documents contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by

Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 28 of the Petition.

29. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 29 of the Complaint.

**FIRST CAUSE OF ACTION**

30. Lincoln repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 29 of the Complaint as though fully set forth herein.

31. Lincoln admits Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 31 of the Complaint.

32. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 32 of the Complaint.

33. To the extent that the allegations contained in Paragraph 33 seek to interpret the provisions of the Policy or documents governing the LTD Plan, Lincoln refers to the Policy and the documents governing the LTD Plan as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 33 of the Complaint.

34. Lincoln denies all allegations contained in Paragraph 34 of the Complaint.

35. Lincoln denies all allegations contained in Paragraph 35 of the Complaint.

36. Lincoln denies all allegations contained in Paragraph 36 of the Complaint.

37. Lincoln denies all allegations contained in Paragraph 37 of the Complaint.

38. Lincoln denies all allegations contained in Paragraph 38 of the Complaint.

39. Lincoln denies all allegations contained in Paragraph 39 of the Complaint.

40. Lincoln denies all allegations contained in Paragraph 40 of the Complaint.

41. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 41 of the Complaint.

42. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan, along with other damages, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 42 of the Complaint.

## SECOND CAUSE OF ACTION

43. Lincoln repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 42 of the Complaint as though fully set forth herein.

44. To the extent that Paragraph 44 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 44 of the Complaint.

45. Lincoln admits that it was, at certain times, the claim administrator for Plaintiff's claim for benefits from the LTD Plan under the Policy that is the subject of the above-styled action. Lincoln denies it was the plan administrator of the LTD Plan and denies all remaining allegations contained in Paragraph 45 of the Complaint.

46. To the extent that Paragraph 46 contains legal conclusions, Lincoln is not required to answer. To the extent a response is required, Lincoln admits only that its decisions on Plaintiff's

claim for long term disability benefits were based on the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 46 of the Complaint.

47. To the extent that Paragraph 47 contains legal conclusions, Lincoln is not required to answer. To the extent a response is required, Lincoln admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 47 of the Complaint.

48. Lincoln denies all allegations contained in Paragraph 48 of the Complaint.

49. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 49 of the Complaint.

50. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan, along with other damages, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 50 of the Complaint.

## THIRD CAUSE OF ACTION

51. Lincoln repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 50 of the Complaint as though fully set forth herein.

52. Lincoln denies all allegations contained in Paragraph 52 of the Complaint.

53. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 53 of the Complaint.

54. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan, along with other damages, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 54 of the Complaint.

55. Lincoln denies all allegations contained in the WHEREFORE Paragraph of the Complaint and Paragraphs 1-6 thereunder and denies Plaintiff is entitled to the relief sought in the Prayer of the Complaint.

Lincoln denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for long term disability benefits from the LTD Plan under the Policy was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Lincoln is subject to offset pursuant to the terms of the LTD Plan under the Policy, resulting from Plaintiff's receipt of benefits or other income, including, but not limited to, income earned by Plaintiff and the disability benefits Plaintiff received from the Social Security Administration on Plaintiff's or Plaintiff's dependent(s)'s behalf.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff claims for breach of fiduciary duty and breach of duty to perform a full and fair review against Lincoln fail as a matter of law due to the availability of a claim for recovery of benefits under ERISA.

6. To the extent Plaintiff alleges or seeks to allege state law claims, they are preempted by ERISA. Further, Plaintiff may not recover damages under state law in this action. Plaintiff's remedies, if any, are limited to the exclusive remedies available under the civil enforcement provisions of ERISA.

7. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

8. Lincoln reserves the right to assert additional defenses.

## COUNTERCLAIM

1. In response to the allegations contained in the Complaint, Lincoln asserts a breach of contract counterclaim resulting from Plaintiff's failure to reimburse Lincoln in accordance with the terms of the document governing the LTD Plan. Lincoln also seeks a constructive trust and other equitable relief under 29 U.S.C. § 1132(a) over any benefits from either Lincoln or the Social Security Administration currently in the possession of Plaintiff. Additionally, Lincoln seeks recovery from Plaintiff based on unjust enrichment of the Plaintiff by virtue of Plaintiff's retention of benefits from the Social Security Administration that Plaintiff is obligated to repay to Lincoln. Plaintiff was awarded retroactive disability benefits from the Social Security Administration. Under the terms of the document governing the LTD Plan, Plaintiff is obligated and specifically agreed to reimburse Lincoln for the retroactive amounts Plaintiff received from the Social Security

Administration. Plaintiff has failed and refused to make reimbursement to Lincoln in breach of the terms of the LTD Plan. Lincoln is entitled to recover from Plaintiff as a result of Plaintiff's breach, plus attorneys' fees pursuant to 29 U.S.C. § 1132(a)(1)(B).

## PRAYER

Lincoln requests that the Court enter judgment that Plaintiff recover nothing by this action; enter judgment in Lincoln's favor on its counterclaim; order a constructive trust and/or other equitable relief to secure Lincoln's reimbursement of benefits Plaintiff received from Lincoln or the Social Security Administration; that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Dated this 24th day of April 2023.

Respectfully submitted,

By: /s/ Iwana Rademaekers
Iwana Rademaekers (Texas Bar # 16452560)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Eastern District of Arkansas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Joe P. Leniski, Jr.
Email: joey@hsglawgroup.com

James A. Streett
Email: james@streettlaw.com

April 24, 2023
Date

/s/ Iwana Rademaekers
Iwana Rademaekers