**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

| | |
|---|---|
| **FRED KENNEY,**<br><br>**Plaintiff/Counter-Defendant,**<br><br>**v.**<br><br>**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, f/k/a LINCOLN LIFE ASSURANCE COMPANY OF BOSTON, d/b/a LINCOLN FINANCIAL GROUP,**<br><br>**Defendant/Counter-Plaintiff.** | **Case No. 4:23-cv-00285-JM**<br><br>**District Judge James M. Moody**<br>**Magistrate Judge J. Thomas Ray** |

**PLAINTIFF/COUNTER-DEFENDANT FRED KENNEY'S ANSWER AND AFFIRMATIVE DEFENSES**

Plaintiff and Counter-Defendant, Fred Kenney ("Kenney"), by and through counsel, files this Answer and Affirmative Defenses to the Counterclaim brought against him by Defendant and Counter-Plaintiff, The Lincoln National Life Insurance Company, f/k/a Lincoln Life Assurance Company of Boston, d/b/a Lincoln Financial Group ("Lincoln").

**ANSWER TO COUNTERCLAIM**

1. Admitted that Kenney received disability benefits from the Social Security Administration. Admitted that Kenney has not remitted any of the disability benefits he received from the Social Security Administration to Lincoln. The remaining allegations in ¶ 1 call for legal conclusions and, therefore, require no response. To the extent those allegations require a response, Kenney denies them. Kenney denies the remainder of the allegations in ¶ 1, including any allegation that Kenney has breached the terms of the LTD Plan.

## ANSWER TO PRAYER

Lincoln's prayer for relief contains allegations to which a response is not required. To the extent a response is required, Kenney denies them. Kenney further denies that Lincoln is entitled to any relief and denies that he committed any unlawful or wrongful act with respect to Lincoln. Any allegation not denied specifically in the foregoing is hereby generally denied.

## PLAINTIFF/COUNTER-DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

Having fully answered the allegations in Lincoln's Counterclaim, Kenney sets forth the following affirmative defenses without assuming any burden of proof not otherwise legally assigned to Kenney, and without waiver of Lincoln's obligation to plead and prove each and every element of its claim(s):

1. Lincoln's fails to state a state law claim for either breach of contract or unjust enrichment, because these claims are preempted by ERISA.

2. Lincoln fails to state a claim for breach of the LTD policy by Kenney because it has not alleged facts sufficient to demonstrate: (1) the contractual provisions that obligate Kenney to reimburse Lincoln under the circumstances of this case; (2) the consideration that exists precedent to Kenney having any obligation to reimburse Lincoln under the circumstances of this case; or (3) the damages allegedly suffered by Lincoln.

3. Lincoln waived any and all rights to enforce the terms of the LTD Plan by knowingly and in bad faith: (1) refusing to pay long term disability benefits to Kenney from January 16, 2020 to present and in the future if applicable so long as Kenney remains disabled under the terms of the Plan, as well as any other collateral benefits to which he might be entitled on the basis of being disabled under the Plan since March 15, 2018, as required under the LTD Plan; (2) breaching its fiduciary duty to Kenney; and (3) breaching its duty to perform full and

fair review.

4. Lincoln is estopped from seeking to enforce any rights or obligations it alleges that Kenney has under the LTD Plan through, among other actions, knowingly and in bad faith refusing to pay long term disability benefits to Kenney as required under the LTD Plan.

5. Lincoln's claim for reimbursement from social security benefits received by Kenney is barred by the Social Security Act's anti-assignment provision and promulgating law and regulations.

6. Lincoln's claim for a constructive trust is barred because social security funds paid to Kenney are protected from execution, levy, attachment, garnishment, or other legal process under the Social Security Act and promulgating law and regulations.

7. Lincoln is not entitled to equitable relief, because Lincoln has not identified a fund from which an equitable recovery can be claimed, and has failed to allege that the funds sought to be recovered remain in Kenney's possession.

8. Lincoln is not entitled to recovery of damages because it has not demonstrated that it has suffered any actual injury resulting from any alleged breach by Kenney, and/or because it has not demonstrated that Kenney was the proximate or legal cause of Lincoln's injury.

9. Lincoln has not stated a claim for unjust enrichment, because Lincoln has not alleged facts demonstrating that it has first demanded reimbursement of the same from Kenney, and because unjust enrichment has no application when an express written contract exists such as the LTD Plan alleged by Lincoln.

10. Lincoln is seeking to recover damages that are completely uncertain and speculative in nature.

11. Lincoln has failed to mitigate its damages resulting from any alleged breach by

Kenney.

Kenney reserves the right to assert additional defenses.

DATED: May 15, 2023

Joe P. Leniski, Jr., ABA #2022269
HERZFELD, SUETHOLZ, GASTEL,
LENISKI, and WALL PLLC
The Freedom Center
223 Rosa Parks Avenue, Suite 300
Nashville, Tennessee 37203
Telephone: (615) 800-6225
Email: joey@hsglawgroup.com

James A. Streett, ABA #2007092
107 West Main
Russellville, AR 72801
Telephone: 479-968-2030
Facsimile: 479-968-6253
Email: james@streettlaw.com

*Attorneys for Plaintiff*